**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted:  October 12, 2020
Date Supplemented: November 18, 2020
Date Decided:  December 1, 2020

Blake A. Bennett, Esq.
COOCH AND TAYLOR, P.A.
The Nemours Building
1007 N. Orange St., Suite 1120
Wilmington, Delaware 19899

Raymond J. DiCamillo, Esq.
Srinivas M. Raju, Esq.
Robert L. Burns, Esq.
Matthew D. Perri, Esq.
Angela Lam, Esq.
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RE:  *In re USG Corporation Stockholder Litigation*,
C.A. No. 2018-0602-SG

Dear Counsel:

This Letter Opinion considers, and rejects, the Plaintiffs' Motion for Reargument of my August 31, 2020 Memorandum Opinion[1] (the "Opinion") dismissing this matter against all Defendants. Under Chancery Rule 59(f), the road to reargument is straitened; a successful movant must demonstrate that the court *overlooked* a controlling precedent or principle of law, or misapprehended the facts,

---

[1] *In re USG Corp. S'holder Litig.*, 2020 WL 5126671 (Del. Ch. Aug. 31, 2020) [hereinafter, the "Opinion"].

and that such error resulted in the outcome for which reargument is sought.[2]  Where a court has considered the law and the facts, but applied them in a way with which the movant disagrees—that is, where the movant simply disagrees with the court's decision—relief must be through appeal, not reargument.[3]

Here, the Plaintiffs seek reargument on two grounds: first, that I overlooked the fact that one Defendant, Jennifer Scanlon, was an officer as well as a director of USG, and that, in her officer role, she was not exculpated from damages for a violation of a duty of care in relation to a disclosure to stockholders; and second, that I misapprehended the law on the meaning of bad-faith breach of the duty of loyalty in way of a transaction implicating *Revlon.*

With respect to Ms. Scanlon, the Plaintiffs argue that I overlooked that their Complaint adequately alleged that she breached the duty of care in her role as an officer facilitating distribution of proxy materials, and that my rationale that the Plaintiffs had not pled a non-exculpated claims thus must be reconsidered.  I have reviewed the Complaint, the briefing on the Defendants' Motion to Dismiss, and the oral argument on that Motion.  It does not appear that the Complaint alleges Ms. Scanlon, as a corporate officer, was grossly negligent in the dissemination of

---

[2] *In re Hawk Sys., Inc.*, 2019 WL 5681447, at *2 (Del. Ch. Nov. 1, 2019).
[3] *Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 2019 WL 3814453, at *1 (Del. Ch. Aug. 14, 2019) ("A motion for reargument, as this Court has pointed out on numerous occasions, does not provide a forum to relitigate issues decided by the trial judge, and if the trial court is in error on those issues, vindication is available on appeal, not via reargument.").

disclosures. To the extent that, given the Plaintiff-friendly pleading standard on this Motion to Dismiss, it may be so read, the Plaintiffs failed to brief the issue in response to the Motion sufficiently to consider it raised, and failed to raise it at oral argument as well. The claim, accordingly, was waived.[4] Thus, reargument is inappropriate on this ground.

The second ground alleged to support reargument is that I misapprehended the meaning of bad faith in the context of a change-in-control transaction, and accordingly reached an unsupportable legal conclusion. However, this argument too is misplaced; I considered the Plaintiffs' contentions and rejected them in the Opinion.[5] Therefore, reconsideration is inappropriate; relief, if any, must be via appeal.

Finally, the parties provided memoranda on the Chancellor's recent opinion in *Baker Hughes*,[6] a case decided after the Opinion issued. That case involved a pleading, found to be sufficient to sustain a claim, that an action in signing an inaccurate disclosure by a corporate officer implicated the duty of care. While *Baker Hughes* is well reasoned, it did not change substantive law. And while the parties' memoranda were thoughtful, the case is inapplicable here, where I have found that

---

[4] *See Thor Merritt Square, LLC v. Bayview Malls LLC*, 2010 WL 972776, at *5 (Del. Ch. Mar. 5, 2010) (failure to brief an issue may result in waiver).
[5] The Opinion, at *29–*31.
[6] *In re Baker Hughes Inc. Merger Litig.*, 2020 WL 6281427 (Del. Ch. Oct. 27, 2020).

3

the issue of Scanlon's exercise of the duty of care in disseminating disclosures to stockholders was not adequately before me. Thus, reconsideration is not required.

For the forgoing reasons, the Plaintiffs' Motion for Reargument is DENIED.

IT IS SO ORERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc: All counsel of record (by *File & ServeXpress*)